IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GINA ALLISA VASQUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:13-cv-00677 |
| v. | ) |
| | ) Judge Nixon |
| CAROLYN W. COLVIN, | ) Magistrate Judge Griffin |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court are Plaintiff Gina Allisa Vasquez's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Plaintiff's Motion") (Doc. No. 29) and the Parties' Joint Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Joint Motion") (Doc. No. 30), both seeking an award of attorney's fees for Plaintiff's counsel.

Under the EAJA, a prevailing party in litigation against the United States may seek attorney's fees, so long as the party files a motion for fees within thirty days after the time for appealing the judgment has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (citing 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G)). Federal Rule of Appellate Procedure 4(a) establishes that parties have sixty days from the entry of judgment to appeal an order if one of the parties is a United States employee sued in an official capacity. Fed. R. App. P. 4(a)(1)(B)(iii). Thus, the thirty-day time limit for filing a motion for attorney's fees under the EAJA in a case against the Commissioner of Social Security begins once the sixty-day period for appeal of the judgment has expired. *Shalala*, 509 U.S. at 303. In social security cases, a sentence of remand to the

1

Commissioner by the court constitutes a victory for the plaintiff, such that he or she may seek attorney's fees under the EAJA. *Shalala*, 509 U.S. at 301.

On January 24, 2014, the Court reversed a decision of the Administrative Law Judge denying benefits to Plaintiff and remanded her case to Defendant Commissioner of Social Security for further proceedings. (Doc. No. 27.) Plaintiff filed Plaintiff's Motion on March 31, 2014 (Doc. No. 29), with an affidavit of her attorney (Doc. No. 29-1), and a signed Waiver of Direct Payment of EAJA Fees (Doc. No. 29-2). In Plaintiff's Motion, Plaintiff's attorney requests $6,712.54 in fees, based on 35.6 hours of work at a rate of $184.06 per hour plus 2 hours of work at a rate of $80.00 per hour for hours expended by her attorney's paralegal. (Doc. No. 29 at 1.) In the subsequent Joint Motion, Plaintiff and the Commissioner have agreed that Plaintiff's counsel should receive $6,250.00 for his work before the Court, subject to any applicable offsets for pre-existing debt Ms. Jordan owes the Government under the Treasury Offset Program, 31 U.S.C. § 3716. (Doc. No. 30 at 1.)

The Court finds that $6,250.00 is a reasonable award for the work performed and costs incurred by Plaintiff's counsel. Accordingly, the Court **GRANTS** the Joint Motion (Doc. No. 30) and Plaintiff's Motion (Doc. No. 29) is **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the 28 day of May, 2014.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT